IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,723-02






EX PARTE DWAINE COLLIER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1204040 IN THE 230TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
engaging in organized criminal activity, and was sentenced to twenty-five years' imprisonment. Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to investigate the validity of the enhancement allegations in this case. He also alleges that his
twenty-five year sentence was unauthorized, because the two prior offenses used to enhance his
sentence to habitual felony punishment range in this case were themselves improperly enhanced to
felony punishment range.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the judgments and
sentences in cause numbers 680916 in the 174th District Court of Harris County and 737209 in the
177th District Court of Harris County. The trial court shall make findings as to whether the
conviction in cause number 737209 was for a state jail felony, and if so, whether that conviction was
available to be used in conjunction with the felony conviction in cause number 680916 to enhance
Applicant's convictions in cause numbers 790723 and 852645 from state jail felony to third degree
punishment level. If cause number 737209 was a state jail felony, the trial court shall make findings
as to whether Applicant had other prior felony convictions which would have been available to
enhance his punishment in cause numbers 790723 and 852645. If Applicant did not have other prior
felony convictions at that time, and if Applicant's convictions in cause numbers 790723 and 852645
should not have been third degree felonies, the trial court shall make findings of fact as to whether
at the time he pleaded guilty in this case, he had other prior felony convictions which could have
been used to enhance his punishment in this case. 

 The trial court shall make findings as to whether the performance of Applicant's trial attorney
was deficient in failing to properly investigate the validity of Applicant's enhancement convictions,
and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 29, 2011

Do not publish